UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH ZLOZA,

        Plaintiff,

v.

        Case No. 24-cv-0965-bhl

CITY OF NEW LISBON, et al,

        Defendants.

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

On July 31, 2024, Plaintiff Joseph Zloza, proceeding without counsel, filed a federal complaint against the City of New Lisbon, the City of Mauston, the State of Wisconsin, the Federal Bureau of Investigation, and the Department of the Navy. (ECF No. 1.) The case was assigned to Magistrate Judge William E. Duffin for screening. As Judge Duffin noted, Zloza's claims are difficult to decipher. He largely presents a "list of a lifetime of perceived wrongs done to him" without any plausible federal claim for relief. (ECF No. 7 at 2.) And this is just the latest complaint he has filed in this Court and in the Western District of Wisconsin; they all suffer from the same frivolousness. (*Id.* at 1–2.) Accordingly, Judge Duffin recommended that the current complaint be dismissed as frivolous and that Zloza be barred from further filings in this District. (*Id.* at 2–3.) The Court agrees and will adopt Judge Duffin's report and recommendation.

## BACKGROUND

On July 31, 2024, *pro se* Plaintiff Joseph Zloza filed a complaint in this Court. (ECF No. 1.) The complaint appears to air every grievance that ever occurred to Zloza. It alleges that Zloza ran away from home as a fourth grader, after which a New Lisbon police officer punished him. (*Id.* at 1.) When he was in eighth grade, Zloza suffered a stroke, and a teacher gave him an "F" in a course. (*Id.*) Thereafter, Zloza recounts his own transgressions, such as shooting his brother with a nail gun, stealing nearly $3,000 dollars, and breaking into a house; he also laments the transgressions of various private citizens, such as an unidentified "drunk guy named Randy" pointing a loaded gun at him and "a teacher named Mrs. McCann or study skills teacher" stealing

his bag of popcorn. (*Id.*) At some point thereafter, a woman named Janet Stevenson enslaved Zloza, poisoned him, and killed her ex-husband. (*Id.*) Zloza claims he contacted the FBI about Stevenson, and they tortured him. (*Id.*) He then took matters into his own hands and began to plot Stevenson's murder, but the FBI was watching him. (*Id.*) He further alleges that the New Lisbon police department gave him a disorderly conduct charge after he got in a fight with "some carrot top guy" in the men's bathroom. (*Id.* at 2.) He reports various sexual assaults committed by him against private individuals and against him by police officers. (*Id.*) He also "died on a side road." (*Id.*) After that, he was molested again, and then robbed three separate times by an Indiana state patrol trooper, an Amish lady, and then crane industry experts. (*Id.* at 2–3.) Zloza seeks $500 billion dollars in damages. (*Id.* at 4.)

This is far from Zloza's first time as a plaintiff in federal court. In the span of eight months, beginning in January 2023, he filed 11 lawsuits in the Western District of Wisconsin alone. *Zloza v. Seibert*, No. 23-cv-0058, 2023 WL 4886600, *1 (W.D. Wis. Aug. 1, 2023). That court finally concluded that "it [could] no longer expend judicial resources" on Zloza's claims and sanctioned him by requiring that all materials he docketed be sent to Judge James D. Peterson's chambers for review. *Id.* *2.

Likely to avoid Judge Peterson's sanction, Zloza then began filing his complaints in this Court. *See* Case Nos. 23-cv-00463, 23-cv-00464, 23-cv-00462, and 23-cv-00851. All four complaints have been dismissed either for failure to pay the filing fee or as frivolous. Zloza appealed one dismissal to the Seventh Circuit, where that Court denied his appeal and warned him against filing frivolous claims. *See Zloza v. City of Mauston*, No. 23-2900, 2024 WL 1104782 (7th Cir. Mar. 14, 2024).

On August 28, 2024, Judge Duffin issued a report recommending dismissal of Zloza's latest complaint. The magistrate judge accurately describes Zloza's allegations as "rambling, largely incoherent, and frivolous." (ECF No. 7 at 2.) He further notes that venue is inappropriate in this district, given that Zloza is a resident of New Lisbon, Wisconsin, and the events he alleges took place in the Western District of Wisconsin. (*Id.* (citing 28 U.S.C. § 1404(a)).) Due to Zloza's continuous frivolous filings, Judge Duffin recommends sanctions barring Zloza from filing any further action in this Court. (*Id.* at 2–3.)

On September 9, 2024, Zloza filed an objection to Judge Duffin's report. (ECF No. 8.) The objection cites no law and simply asserts that Judge Duffin is "lying" and "abusing power."

(ECF No. 8 at 1.)  The objection also appears to include a copy and paste of his complaint but with some additional grievances added.  (*See id.*)  On September 17, 2024, one of the defendants, the City of Mauston, filed a motion to dismiss.  (ECF No. 11.)

## LEGAL STANDARD

A magistrate judge may hear pretrial dispositive matters and enter recommendations on such matters. Fed. R. Civ. P. 72(b)(1).  However, a magistrate judge cannot enter a final judgment; the judge must submit to the Court his recommendations, to which either party may file a written objection within 14 days. *See Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (citing 28 U.S.C. 636(b)(1)(B); Fed. R. Civ. P. 72(b)).  If a party files an objection to the magistrate judge's report and recommendations, the district court must conduct a *de novo* review of those portions of the report to which objections have been filed.  *Id.*  This "review requires the district [court] judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).  The district court "makes the ultimate decision to adopt, reject, or modify" the magistrate judge's recommendation. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).  "[I]f following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Goffman*, 59 F.3d at 671 (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).  Unchallenged portions of the report are reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman,* 59 F.3d at 671).

## ANALYSIS

Judge Duffin first recommends dismissal because Zloza's complaint is "rambling, largely incoherent, and frivolous."  (ECF No. 7 at 2.)  Zloza objects that federal law prohibits harassment and torture.  (ECF No. 8 at 1.)  Zloza's objection is overruled.  "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).  This applies even when the plaintiff pays the filing and service fees. *Id.* (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint's allegations must be at least sufficient to provide notice to each defendant of what he or she is

accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Att'y Gen.*, Nos. 13-cv-476-wmc, 13-cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Zloza has failed to state any cognizable claim and his allegations are frivolous. Some of his allegations, if truthful, might give rise to cognizable claims, but many are undoubtedly time-barred. Other allegations involve the actions of private citizens wholly unrelated to the Defendants. His complaint is clearly implausible; the allegations are fanciful and noncredible. Therefore, the Court will adopt Judge Duffin's report and recommendation and dismiss the complaint as frivolous.[1]

Lastly, Judge Duffin recommends that, given Zloza's extensive frivolous filing history, he be barred from filing any further action in this Court. (*See* ECF No. 7 at 2–3.) Zloza again objects, arguing that Judge Duffin and the Western District have abused their power. (*See* ECF No. 8 at 1; ECF No. 9.)

This Court has the inherent power to prevent misconduct occurring in the future by an injunction. *Carr v. Tillery*, 591 F.3d 909, 919–20 (7th Cir. 2010) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991)). Such a sanction is an appropriate response to "unreasonable and vexatious litigation." *Id.* In *Oden v. Conklin*, the Seventh Circuit affirmed entry of a filing bar against a plaintiff who, like Zloza, had filed multiple frivolous lawsuits over a period of months, none of which survived dispositive motions. No. 94-2504, 1995 WL 632467, 69 F.3d 539 (7th

---

[1] Judge Duffin also notes that venue is improper. (ECF No. 7 at 2.) Zloza is a resident of New Lisbon, Wisconsin, which is located in the Western District of Wisconsin. The federal venue statute generally provides that a civil action may be brought in the judicial district where any defendant resides, if all defendants are residents of the State where the district is located, or in the judicial district where a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391. Since not all Defendants reside in the same State, the appropriate judicial district is where a substantial part of the events occurred; presumably, New Lisbon and Mauston, Wisconsin, both of which are within the Western District of Wisconsin. *See* 28 U.S.C. 130(b). Accordingly, even if this case was not frivolous, it must be dismissed for improper venue.

Cir. Oct. 25, 1995) (unpublished table decision). Due to the "enormous burdens placed on the court and its staff" by the plaintiff's filings "without performing any research whatsoever, as well as without regard to their constitutional merit, or whether the matter already has been adjudicated," the district court prohibited the plaintiff from filing further lawsuits. *Id.* Like the plaintiff in *Oden*, Zolza has filed numerous frivolous complaints in this Court and in the Western District of Wisconsin. His filings are done without research, without regard to their legal merit, and without regard to prior adjudication. Many hours of judicial resources have already been wasted reviewing Zolza's complaints, all of which reiterate largely the same facts. Accordingly, sanctions are appropriate to prevent any judges of this Court from spending more time on his frivolous filings. Judge Duffin's report and recommendation is therefore adopted in full.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED with prejudice** as frivolous. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff is **barred from filing in this Court** unless it be in defense of a federal crime or an application for a writ of habeas corpus. Zloza may move the Court, no earlier than three years from the date of this Order, to rescind or modify this filing ban.

**IT IS FURTHER ORDERED** that Defendant City of Mauston's motion to dismiss, (ECF No. 12), is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on October 2, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge